Opinion of the Court, by
Ch. J. Boyle.
THIS was an action of covenant, in which the plaintiff declared, that the defendant, by his deed, covenanted to pay to the plaintiff one hundred dollars, whenever he should fix the saw-mill of the defendant, in such a manner that it would cut one thousand feet of plank, one day with another, from day-light until dark, through the sawing season; and the plaintiff avers that he did so fix the saw-mill of the defendant that she did cut one thousand feet of plank, from day-light to dark, one day with another through the sawing season.
The defendant craved oyer of the deed declared on, whereby it appears that the defendant covenanted to *182 pay to the plaintiff $100, whenever the plaintiff should fix the defendant’s saw-mill in such a manner that it would, “in the opinion of any good sawyer, agreed on between the parties, cut one thousand feet of plank, one day with another, through the sawing season;” and for plea he alleged “that the plaintiff did not fix the said saw-mill in such a manner that it would, in the opinion of any good sawyer agreed on between the parties, cut one thousand feet of plank, one day with another, from day-light until dark, through the sawing season:” and tendered an issue to the country, which was joined by the plaintiff.
On the trial the plaintiff proved pretty satisfactorily, that he had so fixed the defendant’s saw-mill that she would cut at least a thousand feet of plank per day; but he produced no evidence that it was so fixed, in the opinion of any good sawyer agreed on between the parties; and the court, on the motion of the defendant, instructed the jury that the plaintiff had failed to support his action, and directed them to find as in case of a nonsuit. The jury accordingly found a verdict for the defendant; but, upon the application of the plaintiff, it was set aside, and a new trial awarded; and upon the second trial, a verdict and judgment were given for the plaintiff; to reverse which, this writ of error is prosecuted.
The only question which the assignment of error makes it necessary for the court to decide, is, whether the court below erred in directing the jury to find as in case of a nonsuit. The direction given to the jury was evidently predicated upon the idea that it was necessary for the plaintiff to prove that a sawyer had been agreed upon between the parties, in whose opinion the mill was fixed as the plaintiff had covenanted. But if we attend to the issue between the parties, we shall find that this fact was not necessary to be proved. It is true, that it was denied by the plea; but it had not been affirmed by the plaintiff; and a traverse or denial on the one side, of a fact not affirmed on the other side, cannot put such fact in issue, or make it necessary for the party holding the affirmative to prove it. It is not necessary for us to decide whether the omission on the part of the plaintiff, to allege the fact in question, would have been fatal on a demurrer for the variance between the declaration and the contract, *183 nor whether such variance might have been taken advantage of in this court, if it had been assigned for error, inasmuch as there was no demurrer, and the objection is not made by the assignment of error. But whatever might have been the result, had the point been presented in either of those shapes, it is clear that it cannot be available on a motion for a nonsuit. On such a motion, the question is not as to the sufficiency of the pleadings on the part of the plaintiff; but whether he has made out by his proof, that which he has alleged. We think he has done so in this instance, and that the court erred in directing the jury to find as in case of a nonsuit; and consequently, that the verdict found in pursuance of such direction, was properly set aside and a new trial awarded.—Judgment affirmed.